IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JUDITH BRASWELL, ) | |
| ) | CASE NO. 3:12-cv-00079 |
| Plaintiff, ) | |
| ) | JUDGE SHARP |
| v. ) | MAGISTRATE JUDGE GRIFFIN |
| ) | |
| WAFFLE HOUSE, INC., ) | JURY DEMAND |
| ) | |
| Defendant. ) | |

## INITIAL CASE MANAGEMENT AND SCHEDULING ORDER

Pursuant to the scheduling conference set by written notice and Order, the parties submit the following:

I. JURISDICTION AND VENUE

The court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Venue is properly laid in this judicial district and division pursuant to 28 U.S.C. § 1402(b).

II. PARTIES' STATEMENTS AND THEORIES OF THE CASE

A. Plaintiff's Theory of the Case

Plaintiff has alleged that the Defendant served food in which a foreign object was located; that said foreign object resulted from the negligent maintenance of the equipment of the Defendant, the improper cleaning of equipment and or the improper use of equipment or supplies in the preparation and serving of said food, the improper training of employees, improper procedures followed by the employees and the failure of management to properly supervise employees, identify policy violations and or take actions to correct the same.

Alternatively, Plaintiff alleges that the food is under the sole control of the Defendant, that the Defendant has not identified any other potential Defendant or any source for the foreign object. It is the position of the Plaintiff, that the Doctrine of Res Ipsa Loquitur is applicable to the case at hand. Plaintiff contends that food served in a restaurant should not have foreign objects in it and that when a foreign object is found in food it is there as a result of the negligence or the intentional tortious conduct of some other party.

Specifically in the matter at hand, the Plaintiff was eating scrambled eggs and sausage. During Plaintiff's meal she began choking and had to be taken to the emergency room. Following three separate surgical procedures over the next 12 month, there were two failed attempts to remove the object, with a final attempt being successful in retrieving an object that appears to be a wire of approximately 1 inch in length. Plaintiff specifically denies that she was negligent in any manner and takes the position that her actions in the consumption of the food were consistent with the manner in which a reasonable person would behave under the circumstances at hand.

B.  Defendants Theory of the Case

Defendant denies that it or any of its agents are guilty of any wrong doing in this incident. Defendant denies that it was in any way negligent with regard to this matter or that a dangerous condition existed. Moreover, the principal of comparative fault should govern any recovery in this case. Specifically, Defendant alleges that the Plaintiff's recovery, if any, should be compared against the finding of fault of the Plaintiff, and that Plaintiff's recovery, if any, should be reduced accordingly.

Defendant has filed an Answer which effectively denies Plaintiff's allegations and asserts applicable defenses.

III.  SCHEDULE OF PRETRIAL PROCEEDINGS

    A.    Rule 26(a)(1) Disclosures

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before March 19, 2012.

    B.    Meeting of Counsel and Parties to Discuss Settlement Prospects

Ninety (90) days from the date of the initial case management conference, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file with the Court reflecting that the parties met and that that parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

    C.    Other Pretrial Discovery Matters

This action is set for a jury trial on May 7, 2013.

u

A pre-trial conference shall be held on April 15, 2013.

All fact discovery shall be completed by the close of business on November 9, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November 9, 2012. All discovery related statements shall be filed by the close of business on November 21, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by the close of business on December 21, 2012 and any response thereto shall be filed by the close of business on January 21, 2013. Any reply shall be filed by the close of business on February 4, 2013.[2]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will

---

[1] No memorandum in support of or in opposition to any motion shall exceed twenty (20) pages.

[2] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of Court shall govern.

By the close of business August 15, 2012, the plaintiff shall declare to the defendant (not file with the Court) the identity of her expert witnesses and provide all the information specified in Rule 26(a)(2)(B)-(C).

By the close of business on September 14, 2012, the defendant shall declare to the plaintiff (not file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B)-(C).

Any supplements to and/or rebuttal expert reports shall be served by October 15, 2012.

The parties shall depose all expert witnesses by November 30, 2012

It is so **ORDERED**.

This day \_\_\_\_ of March, 2012.

Magistrate Judge Griffin

**APPROVED FOR ENTRY:**

By: **s/ Jeffrey Levine w/permission s/Anthony M. Noel**
**Jeffrey Levine**
BPRN 015532
Attorney for Plaintiff
176 Second Avenue North, Suite 501
Fifth Floor
Nashville, TN 37201
(615) 255-2893

*Attorney for Plaintiffs*


**LEITNER, WILLIAMS,
DOOLEY & NAPOLITAN, PLLC**


By: **s/ Anthony M. Noel**
**Anthony M. Noel**
BPRN 18828
**Christen Blackburn**
BPRN 27104
Attorneys for Defendant
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722

*Attorney for Defendants*