IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JUDITH BRASWELL )
 ) No. 3-12-0079
v. )
 )
MID SOUTH WAFFLES, INC.[1] )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' initial case management and scheduling order, with modifications addressed at the initial case management conference held on March 5, 2012. Those modifications and other matters addressed on March 5, 2012, are as follows:

1. Plaintiff's counsel advised that he intended to serve responses to the defendant's outstanding written discovery on March 5, 2012, and wanted to take some discovery, including a site inspection, by the end of March, and thereafter expected to make a settlement demand.

By June 4, 2012, the parties shall file a joint mediation report, indicating whether they have met in accord with Section III(B) of the contemporaneously entered order, the potential for settlement, and the propriety of ADR.

Plaintiff's counsel agreed that the defendant could take a preliminary deposition of the plaintiff in aid of settlement, with leave to re-depose her if necessary at a later date.

2. Any motion to amend the pleadings or join parties shall be filed by September 21, 2012.

3. The plaintiff shall have until August 15, 2012, to serve expert disclosures in accord with Rule 26(a)(2)(B)-(C) of the Federal Rules of Civil Procedure.

4. The defendant shall have until September 14, 2012, to serve Rule 26(a)(2)(B)-(C) expert disclosures.

---

[1] By order entered February 21, 2012 (Docket Entry No. 7), Mid South Waffles, Inc. was substituted for defendant Waffle House, Inc.

5. Any supplemental or rebuttal expert disclosures shall be served by October 15, 2012.

6. The parties shall comply with Local Rule 39.01(c)(6)(c), except for any disclosures provided by medical providers.

7. Any discovery motions relating to fact discovery and expert disclosures, along with the Local Rule 37.01(a) discovery statement, shall be filed by November 21, 2012.

8. Although the Court did not specifically address the issue, based on the claims in the case, it appears that there will be little discovery of electronically stored information. Therefore, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

If an issue related to ESI arises, counsel shall schedule a telephone conference call with the Court.

As provided in the contemporaneously entered order, any dispositive motion shall be filed by December 21, 2012. Any response shall be filed within 31 days of the filing of the motion or by January 21, 2013, if the motion is filed on December 21, 2102. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by February 4, 2013, if the response is filed on January 21, 2013.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable Kevin H. Sharp.

Memoranda in support of or in opposition to any dispositive motion shall not exceed twenty (20) pages.

There shall be no stay of discovery before the November 9, 2012, deadline for completion of fact discovery or the November 30, 2012, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Sharp's office, a jury trial is scheduled on **Tuesday, May 7, 2013, at 9:00 a.m.,** in Courtroom A-826, U.S. Courthouse, 801 Broadway, Nashville, Tennessee. The parties estimate that the trial will last two (2) days.

A pretrial conference is also scheduled before Judge Sharp on **Monday, April 15, 2013, at 1:30 p.m.,** in Courtroom A-826.

The parties' obligations prior to the pretrial conference will be set forth by order entered closer to the trial date.[2]

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[2] The Court has deleted the provisions from the parties' proposed initial case management order relating to notification of settlement and submission of a pretrial order since those requirements will be addressed by further order.