IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE DIVISION

| | |
|---|---|
| JUDITH BRASWELL, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO.: 3:12-CV-00079 |
| ) | |
| v. ) | NOTICE OF ENTRY |
| ) | REQUESTED |
| WAFFLE HOUSE, INC., ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

It being represented to the Court that the parties have requested documents from one another, which may involve trade secrets, confidential research, proprietary materials and development and/or commercial information belonging to the respective party; and

It being represented to the Court that the parties are willing to provide these documents for inspection and review only under a Protective Order upon the hereinafter stated terms and conditions; and

It being represented to the Court that all of the parties are in agreement as to the terms of the said Protective Order; therefore,

It is hereby ORDERED that:

1. The parties will disclose documents that they designate "Confidential and Proprietary" to the parties to this suit and their attorneys, only pursuant to this Order and under the conditions that follow. Any and all documents, things, records received by Defendant or Defendant's counsel, from Plaintiff's healthcare providers shall be deemed "confidential and proprietary."

2. Any and all of the aforesaid materials disclosed by the parties and the contents thereof shall be maintained in confidence by counsel for the other parties to the above-captioned litigation. The aforesaid materials shall not

be photocopied or reproduced by any means without the prior consent of counsel for the other party or until further order of this Court.

3. Any and all of the aforesaid materials disclosed by the parties and the contents thereof shall be used only in connection with the above-captioned matter and shall not be used for any other purpose whatsoever.

4. No person who examines any document produced pursuant to this order shall disseminate orally, in writing, or by any other means, the document(s) or the information contained therein, to any person not also authorized to examine documents under the terms of this order.

5. Counsel for all parties to the above-captioned litigation may permit an expert or experts hired by the parties in the above-captioned litigation to review the documents subject to this Protective Order, but counsel must first obtain from said experts a written statement confirming the expert's agreement to comply with every element of this Protective Order. Said experts shall agree that the documents and the contents thereof shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means. Any documents provided to experts must be returned to counsel for the other party within thirty days of the conclusion of the above-captioned litigation pursuant to the terms of paragraph 8 below.

6. Notwithstanding the foregoing provisions, this Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds including, but not limited to, relevance, privilege and materiality.

7. Notwithstanding the foregoing provisions, this Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this action any of the documents subject to this Protective Order and nothing contained herein shall be construed as a waiver of any objection which might be raised as to the admissibility of any evidentiary material.

8. At the conclusion of this lawsuit by settlement, a jury verdict, non-suit, dismissal, by judgment order or otherwise, all materials in exchanged in

discovery, including any and all copies, or renditions made from the materials, shall be returned to the other party within thirty (30) days.

9. A breach of the terms of this Order shall entitle either party to appropriate sanctions, including but not limited to attorneys fees and costs incurred in the enforcement of this Order.

Entered this 23rd day of March, 2012.

_____
Judge

Agreed as to terms and conditions:

By: _____
Jeff Levine, Esq.
BPRN 015532
176 Second Avenue North, Suite 501
Fifth Floor
Nashville, TN 37201
(615) 255-2893

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: _____
Anthony M. Noel
BPRN 18828
**Christen Blackburn**
BPRN 27104
Attorneys for Defendant
414 Union Street, Suite 1900
Nashville, Tennessee 37219-1782
(615) 255-7722

{01908291.DOC}

4